JANVIER, Judge.
As stated in the brief of counsel for plaintiff-appellant, the only question presented is appellant’s belief that the fee of $80 fixed by the trial court for the curator-ad-hoc is excessive.
The plaintiff, Emile M. Doll, acquired title to a vacant lot in New Orleans which had been adjudicated to the State of Loui *751 siana for delinquent taxes. He purchased it from his brother, who in turn had purchased it from Bernard Gullotta, who had purchased it from the State. The plaintiff found it necessary to quiet the title thereto, and discovered that it was advisable to eliminate any possible claim of certain persons who might have been interested as heirs of former owners. There were six interests involved and five of them agreed to execute quitclaims in favor of Doll and did so upon the payment to each of $25. The other, Mrs. Amanda Richardson McMorries, refused to execute such a quitclaim and consequently Doll brought this suit against her to quiet his title by eliminating any possible claim on her part. Since she was absent and unrepresented, her domicile being in Atlanta, Georgia, Doll prayed that an attorney be appointed as curator-ad-hoc to represent her, and the District Judge appointed Bernard J. Bagert.
Bagert filed answer in which, for lack of information, he denied all of the allegations of the petition. When the matter came to trial there was offered on behalf of plaintiff all necessary documents and exhibits to indicate that the defendant had no claim to the property. The curator-ad-hoc offered no evidence except the letter which he had addressed to Mrs. McMorries and which had been returned to' him marked “refused”.
There was then judgment in favor of plaintiff as prayed for and the fee of the curator-ad-hoc was fixed at $80, the Judge a quo saying:
“In fixing the fee of the curator ad hoc, the Court is of the opinion that in view of the voluminous exhibits filed in the record the curator is entitled to an additional fee. The minimum fee as fixed by the bar association for an examination of title is $30.00. The fee of the curator for his appearance in court will be $50.00 or a total of $80.00.”
This appeal is from that part of the judgment which fixes the fee of the curator-ad-hoc. Counsel for plaintiff contends that the fee is excessive and argues that it should have been obvious to the curator that no serious defense was possible and that accordingly for a mere pro forma appearance a fee of $80 is excessive. Counsel points out that for a number of years, by special statute, the fee of the curator in such a matter as this was fixed at $10, Act 101 of 1898, Act 106 of 1934, and counsel argues that it is thus made evident that the Legislators realized that in such matters only pro forma appearance is necessary and that accordingly a $10 fee is sufficient consideration for such minor services as may be required.
Counsel also points out that since the other five interests were eliminated upon receipt of $25 each, it is evident that the property which is involved has only small value and he argues that this too should be taken into consideration.
Counsel concedes that, by a later statute, Act 153 of 1948, LSA-R.S. 47:2228, it was provided that for services rendered in such a suit the curator shall “receive for his services a reasonable fee to be fixed by the court in each suit”. This statute appeared in 1950 in the LSA-Revised Statutes as LSA-R.S. 47:2228. Later, in 1950, by Act 476, LSA-R.S. 47:2228.1, it was provided that the curator-ad-hoc should “receive for his services a fee to be fixed by the court,” and this provision was repeated in Act 277 of 1952, LSA-R.S. 47 :- 2228.1, as amended. It thus appears that the Legislators realized that the fee of $10 as fixed in the earlier act might be entirely inadequate in certain cases and therefore authority was granted to the trial judge to fix the fee in each case.
The fact that the other five interests were eliminated by quitclaim on the payment of $25 to each does not necessarily indicate that the property had little value. It indicates rather that those possible claimants realized that there was little hope of upsetting the tax title of the plaintiff. Apparently Mrs. McMorries felt otherwise and surely it was the duty of the curator *752 to do whatever seemed best to- him to protect such interest as Mrs. McMorries might have had.
Surely the district judge was in a better position than are we to determine the value of such services and the amount of time and effort which was necessary to prepare the matter and to appear in the district court and in this court. We cannot from this record say that in fixing the fee of $80 the district judge committed manifest error.
We would not have it understood that it is our purpose to establish $80 as a fair fee of the curator in any case in which it is the purpose of the petitioner to confirm title -against an absentee defendant. We gather from the record and from the argument of counsel that in this case there was offered a most unusual number of documents, deeds, etc., all of which were apparently necessary to the proving of plaintiff’s case and all of which consequently were examined by the curator. We further learn from counsel that the curator was told 'by the Judge by whom he was appointed that it was advisable that he make a complete title examination in order to properly understand what, if any, defense should be made. We are ■also told that it was necessary that the curator attend a pretrial conference in the office of the Judge. It further appears that when the curator found that it might be necessary that he examine the unusual number of documents, he called upon the plaintiff and asked that he be permitted to examine those which were in his possession, but that the plaintiff refused to allow him to do so and told him that since they were all matters of public record, he should go to the public records and make his investigation.
For these several reasons, we conclude that, in this particular case, the fee fixed by the District Judge was not excessive.
Accordingly the judgment appealed from is affirmed at the cost of appellant.
Affirmed.